**Rocio Adame ARAUJO DE AGUILAR; et al., Plaintiffs—Appellants,**

v.

**NATIONAL RAILROAD PASSENGER CORPORATION; et al., Defendants— Appellees.**

No. 06–15621.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted Feb. 15, 2008.

Filed April 03, 2008.

Gregory W. Moreno, Esq., Arnoldo Casillas, Esq., Moreno, Becerra & Guerrero, Montebello, CA, for Plaintiffs–Appellants.

B. Clyde Hutchinson, Esq., Lombardi Loper & Conant LLP, Oakland, CA,

Thomas P. Minehan, Esq., Minehan Mcfaul and McLinn, Santa Barbara, CA, Mark L. Nations, Jennifer Leigh Thurston, Office of the County Counsel, Bakersfield, CA, for Defendants–Appellees.

Before: CANBY and M. SMITH, Circuit Judges, and LARSON,* District Judge.

### MEMORANDUM **

Rocio Adame Araujo de Aguilar et al. appeal from the district court's summary judgment in favor of defendant Kern County on their claim for "wrongful death/premises liability." We have jurisdiction under 28 U.S.C. § 1291. We review de novo, *Cal. Dep't of Toxic Substances Control v. Alco Pac., Inc.*, 508 F.3d 930, 934 (9th Cir.2007), and we affirm.

▮ The district court properly concluded as a matter of law that the configuration of the intersection at Poplar Avenue and the railroad tracks did not constitute a dangerous condition. The undisputed evidence establishes that, on the date of the accident, southbound drivers at the limit line of the railroad crossing had an unobstructed view of the tracks to the northwest despite the configuration of the intersection. Thus, there was no substantial risk of injury to drivers using due care while crossing the railroad tracks. *See* Cal. Gov't Code § 830(a) (" 'Dangerous condition' means a condition of property that creates a substantial . . . risk of injury when such property or adjacent property is used with due care in a manner in which it is reasonably foreseeable that it will be

used."); *id.* § 830.2 (defining non-dangerous condition); *see also, e.g., Chowdhury v. City of L.A.*, 38 Cal.App.4th 1187, 45 Cal. Rptr.2d 657, 661–63 (1995) (holding that an intersection with inoperative traffic signals due to a power outage was not a dangerous condition as a matter of law because the city could not be charged with foreseeing that a motorist using due care would speed through the intersection without heed to inoperative traffic signals).

Appellants' expert declarations do not raise a genuine issue of material fact as to whether the configuration of the intersection constituted a dangerous condition. Because drivers had an unobstructed view of the tracks to the northwest, it is not material that the forty-five degree angle of the intersection required drivers to turn their heads farther than if the intersection were at a ninety degree angle. *See Mittenhuber v. City of Redondo Beach*, 142 Cal.App.3d 1, 190 Cal.Rptr. 694, 697 (1983) (explaining that the existence of a dangerous condition is generally a question of fact but is a question of law if reasonable persons can reach only one conclusion). The fact that there were prior accidents at the intersection does not support an inference of a dangerous condition because, construing the evidence in the light most favorable to appellants, there were at most a few similar accidents over more than thirty years. *Cf. Ducey v. Argo Sales Co.*, 25 Cal.3d 707, 159 Cal.Rptr. 835, 602 P.2d 755, 758, 762 (1979) (concluding that there was sufficient evidence to support jury's finding of a dangerous condition where eighteen similar accidents occurred in a few years). The remaining facts in the declarations also fail to raise a genuine issue of material fact. *See City of San Diego v. Superior Court*, 137 Cal.App.4th 21, 40 Cal.Rptr.3d 26, 30, 32–33 (2006)

---

* The Honorable Stephen G. Larson, United States District Judge for the Central District of California, sitting by designation.

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

**632**

(concluding that there was no genuine issue as to dangerous condition despite expert's conclusion that city should have taken measures to protect drivers).

■ Because the configuration of the intersection did not constitute a dangerous condition as a matter of law, Kern County had no duty to "take [ ] measures to protect against" the configuration of the intersection. *See* Cal. Gov't Code § 835(b). To the extent appellants contend that the railroad crossing itself, rather than the configuration of the intersection, constituted a dangerous condition, Kern County met its statutory duties to protect against the danger by providing signs and pavement markings warning southbound drivers of the crossing. *See id.; Shea v. City of San Bernardino,* 7 Cal.2d 688, 62 P.2d 365, 367 (1936) (concluding that if city had no authority to remedy dangerous condition on railroad tracks, it still had a duty to warn of the condition). Further, Kern County requested that the California Public Utilities Commission ("PUC") install crossing gates. *See* Cal. Pub. Util.Code § 768 (explaining that the PUC has authority to install safety devices at railroad crossings); PUC General Order No. 88–B, ¶ 7 ("The railroad shall be responsible for the physical construction of additional warning devices or any changes in the existing warning devices at the crossing.").

Because we affirm the district court's summary judgment in favor of Kern County, we do not consider Kern County's objections to the admissibility of appellants' expert declarations.

**AFFIRMED.**